UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

FILED

SEP 25 2019

CARMELITA REEDER SHINN
CLERK, U.S. DISTRICT COURT
BY _____
DEPUTY

TIMOTHY E. JOHNSON
    PETITIONER,

                    CIVIL CASE NO. CIV-19-891-G
V.                  Case No. CF-2001-6127

STATE OF OKLAHOMA
    RESPONDENT,


BRIEF IN SUPPORT OF
PETITION FOR WRIT OF HABEAS CORPUS


BY TIMOTHY EDMUN JOHNSON
       PETITIONER
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 1500
EL RENO, OKLAHOMA 73036

Petitioner is not a lawyer and has no legal training, he asks this Honorable Court to liberally construe his pleadings in accordance with the proper procedure to bring these claims or, in the alternative, assign counsel to represent Petitioner to ensure compliance with procedure. (See for example, **Burghart v. Corrections Corp. of America**, 224 P3d 1278 (2009)(If the court can reasonably read the pleadings to state a valid claim on which a pro se petitioner could prevail, it should do so despite the petitioner's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements)); **Hall v. Bellmon** (1991) 935 F2d 1106, 1110.

# TABLE OF CONTENTS

                                                            Page

Table of Contents.................................1

Index of Authorities..............................2

Statement of Questions Presented..................3

Statement of Facts................................4

Argument (Merits).................................7

I. Petitioner's extreme delay in asserting these claims do not
   warrant the Application of Laches..............5

II. The consideration of Petitioners claim's are not
    procedurally barred by waiver.................6

III. The Petitioners claim's are not meritless....6

Conclusion.......................................11

Relief Sought....................................12

**INDEX OF AUTHORITIES**

**AUTHORITY:**

United States v. Custis, 511 U.S. 485 (1994)....................

Hannon v. Maschner, 845 F.2d 1553, 1555-57 (10th Cir. 1988)....

Murray v. Carrier, 477 U.S. at 496.............................

House v. Bell, 126 S.Ct. 2064, 2067-77.........................

Schlup v. Delo, 513 U.S. 298, 327 (1995).......................

Chimel v. California, 395 U.S. 752, 762-63 (1969)..............

Brady v. State of M.D., 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed 2d 215 (1963).........................................

Fero v. Kerby, 39 F.3d 1462, 1472 (10th Cir. 1994).............

Scott v. Mullin, 303 F.3d 1222, 1232 (10th Cir. 2002)..........

Criminal Procedure Checklist Fifth Amendment Volume 1 2011-2012 E.D................................................

U.S. v. Gigot, 147 F.3d 1193, 1198 (10th Cir. 1998)............

Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed. 2d 674 (1984).........................................

Powell v. Alabama, 287 U.S. 45 (1932)..........................

U.S. v. Gonzales-Lopez, 126, S.Ct. 2557, 2563 (2006)...........

Satterwhite v. Tex., 486 U.S. 249, 256 (1998)..................

U.S. v. Cronic, 466 U.S. 648, 659, N.25 (1984).................

Hammon v. Ward, 466 F.3d 919, 930 (10th Cir. 2006).............

Daniels v. United States, 532 U.S. 374, 121 S.Ct. 1578, 149 L. Ed. 2d. 590 (2001)......................................

## STATEMENT OF QUESTIONS PRESENTED

1. Whether Petitioners extreme delay in asserting these claims warrants Application of Laches.

    Petitioners answer: "No"

2. Whether the consideration of the Petitioners claims are procedurally barred by waiver.

    Petitioners answer: "No"

3. Whether the Petitioners claim's are meritless.

    Petitioners answer: "No"

**STATEMENT OF PROCEEDINGS**

On November 27, 2001 Petitioner/Defendant Timothy E. Johnson was charged by information in the reference Case Number CF-2001-6127 for (count 1) Possession of a Controlled Dangerous Substance with the Intent to Distribute- Cocain Base; (count 2) Possession of a Controlled Dangerous Substance in the presence of a Minor-Cocain Base and Marijuana.

On December 10, 2001 Petitioner appeared before The Honorable Judge Carol Ann Hubbard where Petitioner was entered into a O.R. Bond and a Conditional Bond Release (CBR) for 120 days, afterwards these charges was going to be dismissed, since Petitioners Co-defendant confessed to the drugs and informed Public Defender Cindy Tedder that Petitioner had no knowledge of them. Cindy Tedder then relayed the information to the District Attorney. This took place after Cindy Tedder was informed Petitioner had a retained lawyer (Mark Clayborn) who was running late. These actions led counsel to represent Petitioner's Co-defendant and Petitioner at the same time, where petitioner wasn't explained any rights he might be giving up or that accepting the O.R. Bond and CBR would place him on probation.

On September 6, 2002 Petitioner entered a plea of guilty to Counts 1 and 2 before The Honorable Judge Virgil Charles Black. The State dismissed count 3 and allegations of Cocaine Base in Count 2 and sentenced petitioner to 10 years suspended sentence to run concurrently with counts 1 and 2.

On June 25, 2018 Petitioner filed a Application for Post-Conviction Relief before The Honorable Judge Michele D. McElwee.

On July 27, 2018 The State filed a response to Application for Post-Conviction Relief before The Honorable Judge Michele D. McElwee.

On August 15, 2018 Petitioner filed a reply to the State's response to Application for Post-Conviction Relief before The Honorable Judge Michele D. McElwee.

On June 26, 2019 Petitoner filed a Motion for Summary Judgment with a Brief before the Honorable Judge Michele D. McElwee.

4.

**I. Petitioner's extreme delay in asserting these claims do not warrant the Application of Laches.**

On December 13, 2016 I was indicted in Federal Action for Constructive Possession of a Firearm. When I went to court on March 7, 2017 I was notified by my Federal Attorney that the government was seeking to enhance the sentence in the case because of a prior conviction in Oklahoma County.

The Federal Attorney told me my State Attorney should have explained the potential for future enhancements at the time of my conviction in State Court. He further said that the State Attorneys failure to advise me could be ineffective assistance of counsel and could result in the conviction being invalid. Once I had been informed of this, I began researching the issue and how to file an action to invalidate the State Court Conviction.

Ineffective Assistance of Counsel Claims, whether based on a conflict of interest or counsel's incompetence, are properly raised in a motion to vacate, rather then on direct appeal, because collateral review allows for adequate factual development of the claim, especially because ineffective assistance claims frequently involve questions regarding conduct that occurred outside the purview of The District Court and therefore can be resolved only after a factual development at an appropriate hearing.

On May 18, 2018, I received a letter from my Federal Attorney who explained to me that "a person is required to use Post-Conviction proceedings with respect to the conviction itself to challenge the constitutionality of a conviction." (See Exhibit) United States v. Custis, 511 U.S. 485 (1994).

Therefore, because of this case being used to enhance my sentence in Federal proceedings and the severe Ineffective Assistance of Counsel in this situation the Application of Laches does not apply since collateral review allows for adequate factual development of the claim. Hannon v. Maschner, 845 F.2d 1553, 1555-57 (10th Cir. 1988)(dismissal of ineffective assistance of counsel claim from 1959 conviction improper because legal right to that appeal did not arise until 1970, and State failed to show prejudice arising after 1970).

## II. The consideration of the Petitioner's claims are not procedurally barred by waiver.

A Petitioner can overcome the procedural bar only by demonstrating either (1) cause for the procedural default and actual prejudice as a result of the alleged violation of Federal Law, or (2) that failure to review the claim will "result in a fundamental miscarriage of justice." By the showing of violations to Constitutional Rights, the petitioner has demonstrated cause and actual prejudice from State Officials.

The cause requirement can also be satisfied by showing, for example that "some objective factor external to the defense impeded the defense efforts to comply with States Procedural rule", that the factual or legal basis for a claim was not reasonably available to counsel since I was not convicted in Federal Action until October 17, 2017. The governmental Interference rendered procedural compliance impracticable.

In <u>Murray v. Carrier</u>, the Court stated that procedural default would be excused, even in the absence of cause, when "a Constitutional violation has probably resulted in the conviction of one who is actually innocent," 477 U.S. at 496; See also <u>House v. Bell</u>, 126 S.Ct. 2064, 2067-77 (prisoners asserting innocence as a gateway to defaulted must establish that, in light of new evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.") (Quoting <u>Schlup v. Delo</u>, 513 U.S. 298, 327 (1995). These violations of Constitutional Rights are sufficient grounds to also excuse procedural default through <u>United States v. Custis</u>, 511 U.S. 485 (1994).

## III. The Petitioner's claims are not Meritless.

The Petitioner has shown in the Application for Post-Conviction Relief, in his reply to State's claims, and later in this brief that these claims are substantive and supported by the record. An Evidentiary Hearing Pursuant to 28 U.S.C. §2254 may be held to resolve any factual disputes between the parties raised in these proceedings. In any event, petitioner has stated valid

claims which this court should entertain and rule on the merits.

## ARGUMENT

1) **The violation of my Fourth Amendment Right occurred when me and my Co-defendant was pulled over on 11-21-2001 by a Police Officer, without probable cause for the stop, or the search.**

**A. ISSUE PRESENTED:**

According to the officer's Probable Cause Affidavit, I was allegedly stopped for not using a turn signal and arrested for Driving without a License, but was not written any Traffic Citations to justify the stop or cause for the search.

**B. LAW (AUTHORITY):**

In order to conduct a search, officers must show probable cause. The Supreme Court ruled in 1983, that probable cause is established by "substantial chance" or "fair probability" of illegal activity. The court determined that a reasonable person, in this case Law enforcement, must believe that "there is a fair probability that contraband or evidence of a crime will be found." In the case of a Traffic violation, a motorist's attitude is not even enough to constitute probable cause.

The automotive exception states that should police have probable cause to believe a vehicle contains contraband, fruits of a crime, or evidence and or instrumentalities of a crime, the vehicle can be searched.

Therefore, because of the lack of probable cause in this situation the standard needed in criminal law to conduct a search is not met. The Supreme Court decision in <u>Chimel v. California</u>, 395 U.S. 752, 762-63 (1969) established the arms length doctrine, according to the court, a police officer may search a suspect and the area surrounding the suspect to prevent injury to the officer and the destruction of any evidence. Even if there was probable cause for the stop and the search, police officers still went beyond the scope of the search.

**C. STATEMENT OF FACT:**
This violation falls under "the fruits of a poisonous tree doctrine because the evidence obtained by police officers through search and seizure derived from a unjustified traffic stop.

## ARGUMENT

**2) The violation of my Fifth and Fourteenth Amendments occurred when my Co-defendant gave a confession on December 10, 2001 in court to Public Defender Kim Tabor, who relayed the information to the District Attorney, that "the drugs found in her car, in her son's car seat, and under her son was hers, I didn't know anything about them, and that she was just letting me drive to my Mothers house." The State suppressed this evidence violating my Constitutional Rights.**

**A. ISSUE PRESENTED:**
Nowhere in any court records was this ever brought up, not even when I asked new Public Defender Cindy Tedder on September 6, 2002 about the confession. She simply stated "she wasn't told about any confession and that the District Attorney wanted to send me to prison unless I took ten years probation." This is clearly a violation of due process which can be found under <u>Brady v. State of M.D.</u>, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed. 2d 215 (1963).

**B. LAW (AUTHORITY):**
In <u>Brady v. Maryland</u>, The Supreme Court held that due process requires the prosecution to disclose evidence favorable to an accused upon request when such evidence is material to guilt or punishment. The prosecution in Brady failed to disclose a confession obtained from the defendant's accomplice after the defendant requested such statements. <u>States v. Bagley</u>, the court held that evidence is material under Brady if there is a reasonable probability that discloser of evidence would have changed the outcome of the proceedings. The government's duty under Brady arises regardless of whether the defendant specifically requests the favorable evidence." To establish a violation, the defendant must

prove that the prosecution suppressed the evidence, the evidence would have been favorable to the accused, and the suppressed evidence was material. However, with respect to the first element, we have held that negligent or inadvertent suppression of evidence is nevertheless, suppression, for Brady purposes." <u>Fero v. Kerby</u>, 39 F.3d 1462, 1472 (10th Cir. 1994). <u>Scott v. Mullin</u>, 303 F.3d 1222, 1232 (10th Cir. 2002) undisclosed confession of government witness to committing murder for which defendant was convicted was material. A defendant need not prove that his trial necessarily would have had a different outcome, a lack of faith in the results is sufficient to show a due process violation when the State withholds evidence. (Criminal Procedure Checklist Fifth Amendment Volume 1)(2011-2012 ED).

### C. STATEMENT OF FACT:

The violation of my Fifth and Fourteenth Amendments falls under "the Brady violation" which is proven through court documents which shows on December 10, 2001 I received a O.R. Bond and had to comply with CBR conditions and was released because of my Co-defendant's confession. It is also satisfied by me asking about my Co-defendant's confession, the prosecution not taking evidence favorable to me into consideration, and the evidence if it was revealed would have made a different outcome in my case.

### ARGUMENT

**3) The violation of my Sixth Amendment occurred during my first court proceeding on December 10, 2001, where I was ineffectively represented by Public Defender Kim Tabor.**

### A. ISSUE ONE PRESENTED:

Counsel failed to explain to me the consequences of accepting an O.R. Bond or a Conditional Bond Release (C.B.R.). She didn't advise me that I had a choice not to accept the O.R. and C.B.R. or that accepting I was, in effect, being placed on probation and subject to supervision by a Probation Officer. She also failed to tell me that the Probation Officer could set additional conditions

9.

to my release, and failure to comply would result with me going back to jail and the case wouldn't be dismissed.

**B. LAW (AUTHORITY):**

U.S. v. Gigot, 147 F.3d 1193, 1198 (10th Cir. 1998) (failure to advise defendant at plea colloquy of possible mandatory supervised release, pending charges, or correct maximum and minimum terms of possible sentence).

**C. ISSUE TWO PRESENTED:**

Mrs. Tabor failed to withdraw from the case even though I had retained other counsel (Mark Clayborn) who was running late. Without consulting me, she proceeded with her representation strategy despite retained counsel having a different, more substantive strategy that I had agreed to.

**D. LAW (AUTHORITY):**

Powell v. Alabama, 287 U.S. 45 (1932)("A defendant should be afforded the opportunity to secure counsel of his own choice"). U.S. v. Gonzales-Lopez, 126 S.Ct. 2557, 2563 (2006)(Right to choose counsel violated even if erroneously appointed counsel effective because choice and quality of representation are distinct rights). Satterwhite v. Tex., 486 U.S. 249, 256 (1998); See also U.S. v. Cronic, 466 U.S. 648, 659, N.25 (1984)("The court uniformly found Constitutional error without showing of prejudice when counsel was either totally absent or prevented from assisting the accused during critical stage of the proceedings.

**E. ISSUE THREE PRESENTED:**

Counsel represented me and my Co-defendant at the same time without my consent. Kim Tabor represented both parties in court on December 10, 2001, and by doing so she was forced to compromise one party's interest in advancing the other party's interest. For example, instead of zealously defending both clients, she set one client against another as to who possessed which drugs, causing a conflict of interest in this case.

**F. LAW (AUTHORITY):**

Ineffective Assistance may result from an Attorney's conflict of interest. In <u>Cuyler v. Sullivan</u>, The Supreme Court has Ruled that a defendant can demonstrate a Sixth Amendment violation by showing the following, (1) Defense counsel was actively representing conflicting interest and (2) the conflict had an adverse effect on specific aspects of counsels performance. <u>Hammon v. Ward</u>, 466 F.3d 919, 930 (10th Cir. 2006)(conflict of interest in simultaneously representing 2 brothers affect performance because counsel negotiated favorable deal for one brother which sabotaged the other brother's most viable defense strategy). If The Sixth Amendment violation "pervades the entire proceedings", then harmless error analysis is inapplicable and the violation is enough to overturn a conviction regardless of the severity of the results.

**C. STATEMENT OF FACT:**

The violation of my Sixth Amendment can be proven through "the <u>Strickland test</u>." When my Co-defendant confessed to Public Defender Kim Tabor in Court about the drugs and me having no knowledge of them she was suppose to ask for my charges to be dismissed. By her not doing so she didn't provide reasonable professional assistance. If prejudice wasn't shown on behalf of the Public Defender, these charges would of been dismissed. (<u>Strickland v. Washington</u>, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed. 2d 674 (1984).

**CONCLUSION**

The District Attorney's allegations that this petition warrants the Application of Laches or is procedurally barred by waiver is incorrect because of Petitioner receiving enhanced sentence (Armed Career Criminal Act) in Federal Court proceeding. The United States Supreme Court ruled in Daniels V. United States, 532 U.S. 374, 121 S.Ct. 1578, 149 L. Ed. 2d. 590 (2001), "That a person who receive enhanced sentence under the A.C.C.A. may pursue any channels of direct of collateral review available to challenge prior conviction." Petitioner has shown above and in his Application for Post-Conviction

11.

Relief that his claims are substantive and supported by record. An Evidentiary Hearing pursuant to 28 U.S.C. §2254 may be held to resolve any factual disputes between the parties raised in these proceedings. In any event, Petitioner has stated valid claims which this Court should entertain and rule on the merits.

### RELIEF SOUGHT

Wherefore, Petitioner Timothy E. Johnson moves this Honorable Court to grant the following relief:

A) Accept Jurisdiction over this case pursuant to 28 U.S.C. §2254;

B) Require the Respondent to answer the allegations in this petition and the Brief In Support;

C) Hold such Evidentiary Hearing as this Court may deem necessary or appropriate;

D) Issue an order that this Court will grant a Writ of Habeas Corpus unless the State holds a new Trial within a specific time; and

E) Issue a Writ of Habeas Corpus freeing petitioner from his unconstitutional conviction.

Respectfully Submitted,

DATED:_____

_____
TIMOTHY E. JOHNSON #31609-064
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 1500
EL RENO, OKLAHOMA 73036