UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TIMOTHY EDMUN JOHNSON, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | )   Case No. CIV-19-891-G |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Respondent. | ) |

## ORDER

On September 19, 2019, Petitioner Timothy Edmun Johnson filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. No. 1), as well as some supporting documents (Doc. Nos. 2, 13).  This matter was referred to United States Magistrate Judge Gary M. Purcell for initial proceedings in accordance with 28 U.S.C. § 636.

Now before the Court is the Report and Recommendation ("R. & R.," Doc. No. 8) issued by Judge Purcell pursuant to 28 U.S.C. § 636(b)(1)(B) and (C).  Judge Purcell recommends that the Petition be dismissed pursuant to the *Younger* abstention doctrine.[1] *See* R. & R. at 4-6 (citing *Younger v. Harris*, 401 U.S. 37 (1971)).  On November 18, 2019, Petitioner filed a timely Objection to the R. & R. (Doc. No. 9), which triggers de novo

---

[1] Under *Younger*, "[a] federal court must abstain from exercising jurisdiction when: (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings 'involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies." *Weitzel v. Div. of Occupational & Prof'l Licensing of Dep't of Commerce of Utah*, 240 F.3d 871, 875 (10th Cir. 2001) (internal quotation marks omitted).

review by this Court. *See United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Petitioner subsequently filed two motions requesting to expand the record in this case to include a state-court order and various other items of evidence (Doc. Nos. 10, 12). The Court construes Petitioner's motions as a request to consider these materials as part of Petitioner's Objection and grants that request.

The R. & R. characterizes Petitioner as a "state prisoner" without considering whether he satisfies the "in custody" requirement of 28 U.S.C. § 2254(a). R. & R. at 1; 28 U.S.C. § 2254 (prescribing that the federal court shall entertain a habeas petition from a petitioner "in custody" pursuant to a state-court judgment); *see also* R. 1(a)(2), R. Governing § 2254 Cases in U.S. Dist. Cts. (addressing petitions filed by persons in custody to address the legality of future custody pursuant to a state-court judgment). The record in this case indicates that Petitioner is currently in federal custody serving a sentence for the commission of federal offenses. *See* Pet. at 1 (listing address for FCI El Reno as Petitioner's "Place of Confinement" and naming the United States as respondent); Pet'r's Obj. at 4 (Petitioner stating that he was transferred from state custody to federal custody in August 2018). The Petition also alleges, however, that he is being held in violation of the U.S. Constitution or federal law based upon errors in his state-court criminal proceeding and that his state-court "judgment of conviction became final October 1, 2018." Pet. at 5, 13.

Because § 2254(a)'s in-custody requirement is jurisdictional in nature, it is necessary to determine whether Petitioner is "in custody pursuant to the judgment of a State

court," or instead has fully served his state sentence, prior to any ruling regarding abstention or adjudication of his claims. 28 U.S.C. § 2254(a); *see Tomlinson v. Mendez*, 9 F. App'x 853, 855 (10th Cir. 2001); *cf. Kilgore v. Att'y Gen. of Colo.*, 519 F.3d 1084, 1089 (10th Cir. 2008) (holding that the district court may sua sponte dismiss a habeas petition under Rule 4 on the basis of untimeliness only when the untimeliness is established by the government or is "clear from the face of the petition itself").

## CONCLUSION

Accordingly, the Court DECLINES to adopt the Report and Recommendation (Doc. No. 8). Petitioner's Motions (Doc. Nos. 10, 12) to include the attached materials as part of his Objection are GRANTED.

The Court re-refers this matter to Magistrate Judge Purcell for additional proceedings consistent with the original order of referral (Doc. No. 4).

IT IS SO ORDERED this 10th day of August, 2020.

_____
CHARLES B. GOODWIN
United States District Judge