# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **TIMOTHY EDMUN JOHNSON,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-19-891-G** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## ORDER

On or around September 23, 2019, Petitioner Timothy Edmun Johnson filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. No. 1), as well as some supporting documents (Doc. Nos. 2, 10, 12, 13). This matter was referred to United States Magistrate Judge Gary M. Purcell for initial proceedings in accordance with 28 U.S.C. § 636(b)(1).

On August 21, 2020, Judge Purcell issued a Report and Recommendation ("R. & R.," Doc. No. 17), recommending that the Petition be dismissed on screening. Petitioner timely filed an Objection to the R. & R. (Doc. No. 18). Petitioner also filed a Request for Expansion of Record (Doc. No. 19) and an additional brief (Doc. No. 21). The Court GRANTS Petitioner's Request to the limited extent that the Court has considered the additional materials submitted by Petitioner as part of his Objection to the R. & R.

Pursuant to governing authority, the Court reviews de novo the portions of the R. & R. to which specific objections have been made. *See United States v. 2121 E. 30th St.*, 73

F.3d 1057, 1060 (10th Cir. 1996); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Having

conducted this de novo review, the Court finds as follows.

I.      *Background*

The record in this case reflects that in September 2002, Petitioner was convicted of

two drug possession felony offenses in the District Court of Oklahoma County, Oklahoma.

Pet. at 1. Petitioner received a ten-year suspended sentence on each count, with the

sentences to run concurrently. *See* Order Denying Application for Post-Conviction Relief,

*State v. Johnson*, No. CF-2001-6127 (Okla. Cnty. Dist. Ct. Nov. 22, 2019) (Doc. No. 10-

1). "Petitioner's suspended sentence[s] expired on September 5, 2012." *Id.*; *see also* Okla.

Stat. tit. 22, § 991a(A)(1).

In October 2017, Petitioner pleaded guilty to two federal firearms charges in this

Court and was sentenced to 180 months on each count, to run concurrently with each other.

*See* J., No. CR-16-239-HE, *United States v. Johnson* (W.D. Okla. Oct. 18, 2017). At the

time he initiated this federal habeas action in 2019, and continuing to the present, Petitioner

was and is in federal custody serving a sentence for the commission of federal offenses.

*See* Pet. at 1 (listing address for FCI El Reno as Petitioner's "Place of Confinement" and

naming the United States as respondent); Pet'r's First Obj. (Doc. No. 9) at 4 (Petitioner

stating that he was transferred from state custody to federal custody in August 2018); Doc.

No. 23 (Petitioner's April 2021 notice of change of address reflecting transfer to a federal

correctional institution in Texas).

Petitioner's pleading asserts three challenges to his state-court criminal conviction

under 28 U.S.C. § 2254. First, Petitioner claims that his Fourth Amendment rights were

violated in the incident leading to his initial arrest.  *See* Pet. at 5-7.  Second, Petitioner

asserts violations of his due process rights in connection with a confession offered by his

state-court codefendant.  *See id.* at 7-8.  And third, Petitioner raises a claim under the Sixth

Amendment based upon the ineffective assistance of one of his attorneys in the state-court

proceedings.  *See id.* at 8-10.  Petitioner also alleges that, as a result of the allegedly

deficient state-court conviction, Petitioner's federal criminal sentence was improperly

enhanced.  *See* Pet'r's Br. (Doc. No. 2) at 7.

    II.    *Discussion*

In the R. & R., Judge Purcell summarized Petitioner's factual allegations and legal

claims, as well as the applicable standards of review.  Judge Purcell found that although

Petitioner alleges he is being held in violation of the U.S. Constitution or federal law based

upon errors in his Oklahoma County District Court criminal proceeding, Petitioner "was

not in custody pursuant to [that conviction] at the time he filed the current Petition."  R. &

R. at 5.  The R. & R. therefore recommended that the Petition be dismissed based upon

Petitioner's failure to satisfy the "in custody" requirement of 28 U.S.C. § 2254(a).  *See id.*

at 4-7; 28 U.S.C. § 2254(a) (prescribing that the federal court shall entertain a habeas

petition "in behalf of a person in custody pursuant to the judgment of a State court"); *see*

*also Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (explaining that the § 2254(a) language

requires that the petitioner "be 'in custody' under the conviction or sentence under attack

at the time his petition is filed").

Petitioner argues that this Court possesses jurisdiction over his habeas claims

because "as long as this past conviction is being used in the future to enhance Petitioner[']s

sentence the 'custody' requirement is satisfied." Pet'r's Obj. at 4 (arguing that he is suffering from the collateral consequence of "the postponed date of release because of prior conviction"). The Tenth Circuit has rejected this argument, however, holding that a prisoner who is "in federal custody pursuant to [the] judgment of [a] federal district court" is "not entitled to federal habeas relief under § 2254 because he has not satisfied the custodial prerequisite necessary to confer jurisdiction under that statute." *Tomlinson v. Mendez*, 9 F. App'x 853, 854-55 (10th Cir. 2001) (finding no jurisdiction to consider prisoner's challenge to the use of his prior state-court sentence "to enhance his current federal sentence"); *see Maleng*, 490 U.S. at 492 ("While we have very liberally construed the "in custody" requirement for purposes of federal habeas, we have never extended it to the situation where a habeas petitioner suffers no present restraint from a conviction."). "A prisoner who has completely served his state sentence is not entitled to habeas relief . . . even if the state sentence affected the calculation of his federal sentence." *Brown v. Warden, Springfield Med. Ctr. for Fed. Prisoners*, 315 F.3d 1268, 1270 (10th Cir. 2003).

Petitioner concedes the application of the governing authorities cited by the R. & R. but argues that he is entitled to rely upon an exception that was recognized by the Supreme Court in *Lackawanna County District Attorney v. Coss*, 532 U.S. 394 (2001). According to Petitioner, this decision holds that "the government may not use a prior conviction where the defendant was not represented by counsel and did not waive the right to counsel." Pet'r's Obj. at 4-5.

The Supreme Court has indeed recognized "a limited exception to the general rule barring review of an expired prior conviction" where "there was a failure to appoint counsel

in violation of the Sixth Amendment." *Coss*, 532 U.S. at 404, 406.  Petitioner's argument

that this exception applies in this case is unavailing.  Petitioner does not allege that he was

denied counsel.    Rather, he claims that one of his defense attorneys provided

constitutionally ineffective assistance.  *See* Pet'r's Obj. at 5; Pet. at 8-10.  The Supreme

Court has explained that ineffective counsel is not the same as *no* counsel, however, as the

"failure to appoint counsel for an indigent defendant [is] a unique constitutional defect."

*United States v. Custis*, 511 U.S. 485, 496 (1994).  In *Custis*, the petitioner attacked his

previous conviction in part based on "the denial of the effective assistance of counsel" and

requested that the Court "extend the right to attack collaterally prior convictions used for

sentence enhancement beyond the right to have appointed counsel."  *Id.*  The Supreme

Court declined to do so, explaining that such a constitutional violation does not "rise[] to

the level of a jurisdictional defect resulting from the failure to appoint counsel at all."  *Id.*

Here, likewise, Petitioner cannot show that this limited exception should apply to allow

him to challenge his prior state-court conviction under § 2254.

Finally, Petitioner argues that the Court should, in the exercise of its obligation to

liberally construe his pro se filings, recharacterize his Petition as a motion challenging his

federal sentence under 28 U.S.C. § 2255.  *See* Pet'r's Req. to Have Pet. Liberally Construed

(Doc. No. 19-1); *see also* Pet'r's Suppl. (Doc. No. 21).

The Court finds that such a recharacterization should not be permitted.  First,

Petitioner's new theories and arguments, "raised for the first time in objections to the

magistrate judge's report," "are deemed waived."  *United States v. Garfinkle*, 261 F.3d

1030, 1031 (10th Cir. 2001).   Second, the Tenth Circuit has explained that such recharacterization is generally disfavored:

> It is true that we are obligated to construe pro se filings liberally, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and that it might be possible for us to recharacterize Tomlinson's Petition as one brought under 28 U.S.C. § 2255 since he is currently in federal custody, *see Ryan v. United States*, 214 F.3d 877, 884 (7th Cir. 2000) (Wood, J., dissenting) ("[The defendant] is a federal prisoner 'in custody' under a federal sentence [which was enhanced based upon a challenged state conviction].  His complaint pertains to the length of that sentence, which means the statute he can and must use [to challenge the sentence] is § 2255.").   We nevertheless decline to recharacterize the Petition in that manner for two reasons.  First, we have generally disfavored the recharacterization of non-§ 2255 motions filed by prisoners as § 2255 motions, even where the prisoner may be entitled to relief under § 2255 but is clearly not entitled to relief under whatever cause of action he has asserted, because of the concern that such recharacterization might inadvertently result in a waiver of the prisoner's other claims for habeas relief.  *See United States v. Kelly*, 235 F.3d 1238, 1242 (10th Cir. 2000) ("[W]e have declined to construe a pro se Rule 32 motion as a § 2255 motion where it was clear the defendant did not intend his motion to be so construed, largely out of concern that a subsequent § 2255 motion would be considered successive."); *United States v. Miller*, 197 F.3d 644, 649 (3d Cir. 1999) ("With AEDPA in place, the practice of liberally construing post-conviction motions as § 2255 petitions can, in the absence of cautionary or educational measures, impair the ability of inmates to challenge their convictions on collateral review.").  Second, and more important, even if Tomlinson's Petition were recharacterized as a § 2255 petition rather than a § 2254 petition, he would not be entitled to relief due to the Supreme Court of the United States' recent opinion in *Daniels v. United States*, [532 U.S. 374, 383-84 (2001),] in which the Court held that § 2255 may not be used to collaterally attack an expired state conviction that was used to enhance a federal prisoner's current federal sentence.

6

*Tomlinson*, 9 F. App'x at 855-56 (first through fourth alterations in original) (citations omitted).[1]

For all these reasons, the Court denies Petitioner's request to recharacterize his Petition.

CONCLUSION

Accordingly, the Court ADOPTS the Report and Recommendation issued August 21, 2020 (Doc. No. 17) in its entirety. The Court GRANTS Petitioner's Request for Expansion of Record (Doc. No. 19) to the limited extent that the Court has considered the additional materials submitted by Petitioner as part of his Objection to the R. & R.

The Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus (Doc. No. 1) is DISMISSED based upon a lack of jurisdiction.

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts requires the Court to issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a petitioner. A COA may issue only upon "a substantial

---

[1] The *Daniels* Court explained:

> After an enhanced federal sentence has been imposed pursuant to the ACCA, the person sentenced may pursue any channels of direct or collateral review still available to challenge his prior conviction. . . . .

> If, however, a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), then that defendant is without recourse. The presumption of validity that attached to the prior conviction at the time of sentencing is conclusive, and the defendant may not collaterally attack his prior conviction through a motion under § 2255.

*Daniels*, 532 U.S. at 382.

showing of the denial of a constitutional right."  *See* 28 U.S.C. § 2253(c)(2).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Upon review, the Court finds that the requisite standard is not met in this case.  A certificate of appealability is DENIED.  A separate judgment shall issue.

IT IS SO ORDERED this 28th day of September, 2021.

CHARLES B. GOODWIN
United States District Judge